No. 337

STATE v. JOSEPH

No. 19563. Supreme Court

On motion to file petition in error. Dock. Jan. 12, 1926; 4 Abs. 56.

333. CRIMINAL LAW—When crime of obtaining money by false pretenses is charged, and indictment (629) does not charge "with intent to defraud," is this such an essential element as to render the indictment defective?

Henry Joseph was indicted by the grand jury of Hamilton County for the obtaining of money by false pretenses. Trial was had in the Common Pleas Court and following his conviction of the crime, he filed a motion for

## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

Issued Every Wednesday 50 Weeks of the Year

SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.......$15.00

Single Numbers .............................. .35

When cash is mailed to us in advance 20 per cent discount .

THE LAW ABSTRACT COMPANY

Office Editorial Rooms and Library

13916 Euclid Avenue, Cleveland, O.

Address all mail communications to

P. O. Box 2455, East Cleveland Sta.

a new trial and motion in arrest of judgment. Under the first motion, the claim of variance was made and the second was based on the claim that the indictment did not make out a charge against him.

The motions were refused and Joseph was sentenced. On error, however, the Court of Appeals reversed the judgment below on the authority of State v. Mutchler, 87 OS. 268. Said court held that failure of the indictment to specifically set forth that there was "intent to defraud" made the indictment defective.

On petition in error in the Supreme Court, the State claims that "courts today do not favor the technical defects which are the basis of the old common law of criminal practice", and that "defects should be attacked before trial and the policy of waiting until later is not favored."

It is claimed that to plead the essential elements of a crime makes the indictment sufficient. Also when a criminal charge is preferred with such certainty and precision as will readily apprise the party charged with that which he is required to answer, the court and jury with what they are to try, when the language is such that the court may determine what evidence is admissible, and the record may make it clear of that which the party has been placed in jeopardy, the indictment is good. 80 OS. 64.

It is further claimed that under the curative section of the Code, 13581 GC. et seq., the indictment is good. The statute in question provides in part that "an indictment shall not be invalid - - - - for other defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits."

Attorneys—Chas. S. Bell, Pros. Atty., and Dudley M. Outcalt, Asst. Pros. Atty., for State; A. R. Hoffman and L. A. Burke for Joseph; all of Cincinnati.

Note—OA. opinion will be found in 4 Abs.

## THIS WEEK'S DIGEST
### Cases Published in the Abstract

**59. ALIENATION OF AFFECTIONS.**

In a suit by a wife against her husband's family for alienation of his affections, to what extent may motives of family for acts charged by wife, be shown in mitigation of damages and defense to the action. Oskamp et v. Oskamp, OS. Pend. 4 Abs. 260.

**101. ASSAULT AND BATTERY.**

What evidence is necessary under 11229 GC. in an action for assault and battery to abrogate the operation of 11225 GC. Bowman v. Lemon, OS. Pend. 4 Abs. 261.

**118. AUTOMOBILES.**

A driver cannot recover damages when under the conditions, the only conclusion that can be drawn is, that if he had of looked he would have been apprised of his danger. Det. Tol. & Iron. R. R. Co. v. Rohrs, OS. 4 Abs. 257.

**325. COUNTY TREASURER.**

County treasurer entitled to have warrant issue for payment of postage for purpose of apprising tax payers of settlement of taxes. State ex v. Kratt, OA. 4 Abs. 251.

**327. COURTS.**

When upon consideration of judicial comity, a receiver of a foreign country may be recognized—Sec. 641 GC. does not apply when an insured policy holder within this state has not applied to the attorney general to bring an action for distribution. State ex Haavind v. Crabbe et, OS. 4 Abs. 258.

Appellate court requiring plaintiff to make remittur before it will affirm, does not violate "due process of law," under Sec. 5, Art. 1, Ohio Const. Alter v. Shearwood, OS. 4 Abs. 259.

**333. CRIMINAL LAW.**

When crime of obtaining money by false pretenses is charged, and indictment (629) does not charge "with intent to defraud," is this such an essential element as to render the indictment defective? State v. Joseph, OS. Pend. 4 Abs. 262.

**355. DAMAGES.**

In suit for personal injuries the measure of damages, in the absence of proof of loss of salary, is the injury governed by the evidence and the ability to earn a living thereafter. Alter v. Shearwood, OS. 4 Abs. 259.

**359. DEATH.**

Is inhalation of poisonous gases which brings about a physical collapse; and subsequently the employee is stricken with a disease which eventually takes his life, the primary cause of the death? Galloway v. Ind. Comm., OS. Pend. 4 Abs. 261.

**387. DEEDS.**

Under what circumstances will a court declare a deed null and void on the ground of fraud and failure of consideration? Scott v. Dewland et, OS. Pend. 4 Abs. 262.

1. Dogs in this state are not considered roperty unless listed for taxation (5837 GC.)

2. No liability in damages if unlisted dog is killed. Edwards v. Parker, OA. 4 Abs. 253.

**427. DUTIES.**

It is the duty of a driver to stop, look and listen at a railroad crossing and to do so in such a manner as to make it effective. Det. Tol. & Iron. R. R. Co. v Rohrs, OS. 4 Abs. 257.

**480. EVIDENCE.**

Written report purporting to be analysis of intoxicating loquor not good evidence because no opportunity is given for cross examination. Volrich v. State, OA. 4 Abs. 253.

Rules of Commission not competent evidence when bus in collision was not used for transporting passengers. B. & O. R. R. v. Staley, OA. 4 Abs. 252.

Witness cannot refresh memory from copies of the pleadings. Koller Bros. v. Jolls, OA. 4 Abs. 250.

**647. INSURANCE.**

While courts on consideration of judicial comity may recognize an alien liquidator appointed in another county, judicial comity does not require it to so recognize him under 641 GC; when such insurance policies have not matured and liquidation proceedings cannot be determined. (See also 19245, ante.) State ex Burgess v. Crabbe et, OS. 4 Abs. 258.